**IN THE U.S. DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| Michael Fuggitti | * | |
| **Plaintiffs** | * | |
| v. | | Case No. 1:24-cv-02617-BAH |
| | * | |
| Evolved Events, LLC, *et al.* | | |
| | * | |
| **Defendants** | | |
| _____/ | | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff Michael Fuggitti ("Plaintiff") and Defendants Evolved Events LLC ("Evolved Events"), Evolved Hospitality LLC ("Evolved Hospitality"), Evolved Hospitality Group LLC ("Evolved Group") and Zachariah Trabbold ("Trabbold") (collectively, the "Defendants") (Plaintiffs and Defendants are collectively referred to as the "Parties"), by and through their respective undersigned counsel, file this Joint Motion for Approval of Settlement. In support, the Parties state as follows:

**I.    Introduction**

Plaintiff is a former employee of Defendants who worked, at various times, as a morning prep cook, a catering chef, and a corporate executive chef. On or around September 10, 2024, Plaintiff filed the instant lawsuit against Defendants, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code L&E § 3-401 *et seq.* the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code L&E § 3-501 *et seq.* and common law breach of contract.  (ECF Doc. 1).  Defendants answered the complaint and denied the allegations made by Plaintiffs.  (ECF Doc. 10).

Plaintiff served written discovery, including interrogatories and requests for production of documents on or about December 24, 2024.  Defendants responded to Plaintiff's written discovery,

1

including through the production of wage payment records.  Plaintiff also served Defendants with a Rule 26(a)(2) expert disclosure for a retained damage calculation expert, along with an accompanying damage calculation report that was based, in part, on Defendants' records.

During the course of discovery, the Parties also began to engage in settlement discussions on or about March 12, 2025.  Following considerable back-and-forth and arms-length negotiations between the Parties' respective counsel, the Parties reached an agreement on the principal terms on May 29, 2025, and a Settlement Agreement was prepared and signed by all Parties on June 26, 2025.

The Parties believe the settlement is fair and reasonable to Plaintiff; is a compromise that contemplates the significant factual and legal disputes between the Parties; and involves a reasonable and fair payment of attorneys' fees to Plaintiff's counsel.  For the following reasons, the Court should grant the Parties' Joint Motion for Approval of Settlement Agreement.

## II.    Background

Plaintiff is a former employee of Defendants Evolved Events and Evolved Hospitality, and further alleged he was also an employee of Defendants Evolved Group and Trabbold. *See generally* (ECF Doc. 1 & 10, ¶¶ 6-31).

At various times, Plaintiff worked as a morning prep cook, catering chef, and corporate executive chef for Defendant. (ECF Doc 1, ¶64). While working as a morning prep cook, Plaintiff alleges that although he was not exempt from overtime wages, he did not receive any overtime premium for all hours worked in excess of forty (40) hours per statutory work week. (ECF Doc. 1, ¶58-63).

Plaintiff further alleges that as a corporate executive chef, Defendants failed to reimburse Plaintiff for business expenses he accrued on behalf of the Defendants, including issuing him a

check that bounced, withheld accrued paid time off, failed to reimburse him for insurance premiums promised to him, failed to pay him for his final week of employment, and terminated Plaintiff in retaliation for raising concerns about his compensation. (ECF Doc 1, ¶64-80).

Defendants have denied these allegations, and have asserted that Plaintiff was did not work the number of hours he alleges he worked when he was non-exempt from overtime pay, that Plaintiff misappropriated Defendants' funds by issuing himself company checks without authorization, that Defendant had a written policy that would limit the payout of unused PTO, and that he was terminated not for complaining about his wages, but because he allegedly engaged in theft of company property.

In light of these factual disagreements, and having completed a considerable amount of discovery, the Parties sought a resolution to this matter, and following numerous back-and-forth communications by email, reached a settlement. *See* (Exh. 1 – Settlement Agreement).

As part of that Settlement Agreement, Defendants agreed to pay the following sum to Plaintiff, as well as to cover Plaintiffs' attorneys' fees and costs:

> **(A) Fuggitti:** From the Total Consideration, and subject to the District Court's approval, Fuggitti shall be paid Twenty Thousand, Nine Hundred and Sixty-Four Dollars and 53/100 Cents ($20,964.53).
>
> **(B) Hoffman Employment Law LLC:** From the Total Consideration, and subject to the District Court's approval, Hoffman Employment Law shall receive Twenty Three Thousand and Thirty-Five Dollars and 47/100 Cents ($23,035.47), representing statutory fee reimbursement for attorneys' fees and costs incurred in representing the Plaintiffs in the instant litigation.

In total, Plaintiff will receive $44,000.00 for his unpaid wage claims, representing roughly 1.81x his calculated damages for alleged unpaid wages, including unpaid premiums and 1.0x his alleged damages for unpaid business expense reimbursement, including a bounced check, and unpaid insurance reimbursements, plus an additional $23,035.47 for attorneys' fees and costs.

3

### III.    Analysis

a.   <u>Settlements under the FLSA</u>

"Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees, the provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement." *Diaz v. Pho Eatery, Inc.*, Civil Action No. DKC 17-2968, 2019 U.S. Dist. LEXIS 85938 (D. Md. May 21, 2019) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945)).  The first exception occurs when the Secretary of Labor supervises the payment of back wages to employees.  Under the second exception, which is applicable here, "a district court can approve a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to Section 216(b), provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Id*. (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

Although the Fourth Circuit has not directly considered which factors must be addressed in the determination of settlement approval, district courts within the Fourth Circuit have generally applied the factors set forth in the United States Court of Appeals for the Eleventh Circuit's decision in *Lynn's Food Stores. See Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407-08 (D. Md. 2014).  Under *Lynn's Food Stores*, settlements to FLSA litigation should generally be approved if they "reflect a fair and reasonable resolution of a bona fide dispute over FLSA provisions, which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement [], and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Id.* (quotations and citations omitted).

There is a "'strong presumption in favor of finding a settlement fair' that must be kept in mind in considering the various factor to be reviewed in making the determination of whether an FLSA settlement is fair, adequate and reasonable." *Lomascolo v. Parsons Brinckerhoff Inc.,* 2009 WL 3094955 at *10 (E.D. Va. Sept 28, 2009).[1] A Court's role in evaluating the fairness of a settlement is more of a balancing of the likelihoods than reaching determinations of fact and law. *Id.* Compromise being the essence of settlement, courts should not compel proponents of a proposed settlement justify each term of a settlement agreement against speculative calculations of what concessions might be secured at trial. *Id.* "A court is entitled to rely on the judgment of experienced counsel for the parties in performing this balancing task and absent fraud, collusion or the like, a court should be hesitant to substitute its own judgment for that of counsel." *Id.* "Courts have recognized a role for less-than-full-value compromise in the FLSA settlement process." *Galvez v. Americlean Services Corp.*, 2012 WL 2522814 at *4 (E.D. Va. Jun. 29, 2012) (citing *Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 57-58 (E.D.N.Y. 2010) (approving settlement of FLSA claims at thirteen to seventeen percent of maximum recovery)).

b. *Bona Fide* Dispute

In determining whether a *bona fide* dispute exists regarding the FLSA claims, this Court should "examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey*, 30 F. Supp. 3d at 408.  Plaintiff pled clauses of action against Defendant under the FLSA, MWHL, MWPCL, and common law, alleging that Defendant

---

[1]     *Lomascolo* has been cited by this Court on several occasions.  *See Nyamira v. Little Kampala Services, LLC*, 2018 WL 5026371, at *2 (D. Md. Oct. 17, 2018); *Melendez v. Declercq, Inc.*, 2016 WL 3387235, at *4 (D. Md. Jun. 14, 2016); *Kianpour v. Restaurant Zone, Inc.*, 2011 WL 5375082, at *2 (D. Md. Nov. 4, 2011); *Lane v. Ko-Me, LLC*, 2011 WL 3880427, at *1 (D. Md. Aug. 31, 2011); *Leigh v. Bottling Group, LLC*, 2011 WL 1231161, at *5 (D. Md. Mar. 29, 2011); and *Lopez v. NTI, LLC*, 748 F.Supp. 2d 471, 478 (D. Md. 2010).

failed to pay wages owed, engaged in illegal retaliation, and breached contractual promises. (ECF Doc. 1).

In the proposed Settlement Agreement, attached hereto as Exhibit 1, Defendants in this litigation deny all liability. Defendants have denied Plaintiffs' allegations, denied the overtime hours Plaintiff alleges, alleged that Plaintiff was not entitled to the reimbursements he sought, forged checks and stole from them, was terminated for alleged theft, and was not entitled to his unused PTO. There are further questions about whether Plaintiff could recover for his alleged business reimbursements or insurance reimbursements in the absence of a written agreement between the Parties. The Parties acknowledge that they entered into the proposed Settlement Agreement to avoid unnecessary and expensive litigation, including further discovery, including depositions, and a potential trial. Clearly, a *bona fide* dispute over the amounts owed and the liability of the various Defendants exists between the Parties and the Court should approve the proposed Settlement Agreement.

c. <u>Fairness and Reasonableness</u>

To determine whether a proposed settlement agreement is fair and reasonable, the Court should look to the following factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of counsel; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Dupre* 30 F. Supp. 3d at 409 (quoting *Saman v. LBDP Inc.,* Civil Action No. DKC 12-1083, 2013 U.S. Dist. LEXIS 83414, *3 (D. Md. June 13, 2013). The analysis applies only to Plaintiffs' FLSA claims as the Court's approval is not required for Plaintiffs' non-FLSA claims brought under

Maryland law. *See Amaya v. Young & Chang, Inc.*, No. PWG-14-749, 2014 WL 3671569, at *3 (D. Md. July 22, 2014).

### i.    *Extent of Discovery*

The purpose of this inquiry is to determine whether "the Parties had adequate time to conduct sufficient discovery to 'fairly evaluate the liability and financial aspects of [the] case.'" *Lomascolo*, 2009 WL 3094955 at *11 (E.D. Va. Sep. 28, 2009) (citation omitted).  At the time the Parties reached an agreement, substantial written discovery had been exchanged, with Plaintiff sending and Defendants responding to interrogatories and requests for production of documents. Plaintiff further designated a Rule 26(a)(2) damage calculation expert, who calculated the amount of unpaid compensation Plaintiff alleged he was owed.  Sufficient discovery was conducted to enable the Parties to evaluate the claims and defenses in this case.

### ii.    *Stage of the Proceedings/Complexity*

This factor analyzes whether the "proceedings advanced to a stage sufficient to permit the parties and their counsel to obtain and review evidence, to evaluate their claims and defenses and to engage in informed arms-length settlement negotiations with the understanding that it would be difficult and costly undertaking to proceed to the trial of this case." *Id.* at *10.  That factor, too, is satisfied.  As indicated above, the Parties had engaged in substantial written discovery, and Plaintiff's counsel has had sufficient time and information to review the Plaintiffs' alleged underpayments and calculate their damages.  The Parties have had time to investigate the viability of the claims and defenses raised in this case.

As to complexity, Plaintiff and Defendants assert a number of factors that increased the complexity of litigation in this case. Plaintiff held multiple positions with Defendant, and his compensation structure changed several times.  As such, the nature of Plaintiff's damages morphed

during the course of his employment, including the applicability of certain FLSA exemptions. Second, Plaintiff alleges he suffered unlawful retaliation and termination, which is always a fraught, and fact-intensive inquiry. Third, and relatedly, Defendants allege that they lawfully terminated Plaintiff after conducting an investigation into misappropriation of company funds, including over forged and unauthorized checks. Therefore, damages were further complicated because Defendants were seeking offsets against any alleged damages sought by Plaintiff.

### iii.    Absence of Fraud/Experience of Counsel/Opinions of Counsel

All parties are represented by experienced counsel, who negotiated a fair and reasonable settlement for the Parties after weeks of negotiations. No fraud or collusion occurred and the settlement was reached through protracted, arms-length discussions. "There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Lomascolo*, 2009 WL 3094955, at *12 (citations omitted)."

The two attorneys representing Plaintiffs (Howard Hoffman and Jordan Liew) have over thirty (30) cumulative years of experience practicing law, and Defendants were similarly represented by experienced and capable counsel. All counsel believes the proposed settlement agreement is fair and reasonable, especially given that the number of settlement communications that were exchanged over months before a deal was ultimately reached.

### iv.    Amount of the Settlement in Relation to The Potential Recovery

As set forth above, a *bona fide* dispute exists between the Parties on multiple issues. Defendants deny all liability, including liquidated and statutory damages and allege they paid Plaintiff in full.

Given these practical considerations, the fact that Plaintiffs are still substantially recovering under these terms, the settlement should be considered fair and reasonable. *See Dominguez v.*

*Microfit Auto Parts, Inc.*, No. CV CBD-18-0534, 2019 WL 423403, at *6 (D. Md. Feb. 4, 2019) ("Accordingly, Plaintiffs could have recovered significantly more at trial or significantly less. The unpredictability of the outcome at trial makes settlement an ideal option for both parties. Further, in light of that unpredictability, the fact Plaintiffs are recovering the amount of damages that they are indicates this is the better option for Plaintiffs.")

Plaintiff will be receiving 1.81x his calculated damages for alleged unpaid wages, including overtime wages, and 1.0x his calculated damages for unreimbursed business expenses and insurance. This is a substantial recovery, which is nearly full relief under the FLSA for his alleged unpaid wages, and especially in light of the viability of recovery for the business expense and insurance reimbursements, as well as the threat of substantial offsets to his damages due to allegations from Defendants that he engaged in misappropriation and theft. While not full relief under the FLSA, Plaintiff is still recovering substantially, and stands to recover a substantial sum in liquidated damages.

### d. Attorneys' Fees & Costs

There remains the issue of Attorneys' Fees and Costs. "[W]here a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Saman*, 2013 WL 2949047, at *3 (*quoting Lane v. Ko-Me, LLC*, 2011 WL 3880427, at *3 (D. Md. Aug. 31, 2011)); *see also Kianpour*, 2011 WL 5375082, at *3. "In making that assessment, courts typically 'use the principles of the traditional lodestar method as a guide.'" *Lane*, 2011 WL 3880427, at *3 (citation omitted). The lodestar amount is "defined as a reasonable hourly rate multiplied by hours

9

reasonably expended." *Riveros v. WWK Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *4 (D. Md. Oct. 5, 2015) (citation omitted).

The Parties agreed that Defendants will pay to Plaintiff's counsel the total sum of Twenty-Three Thousand, Thirty-Five U.S. Dollars and 47/100 Cents ($23,035.47), in full settlement of all attorneys' fees, costs, and expenses arising out this case. Plaintiff's Counsel has been working on this matter for roughly nine months, and has performed the following material work for the Plaintiff in this case:

- Initiated representation before the U.S. District Court for the District of Maryland; communicated with Plaintiff regarding his claims.

- Communications (oral and written) with clients regarding theories of joint employment and individual employer claims. Reviewed potential outcomes and prospects.

- Drafted and filed Federal lawsuit, requiring pleading standards to satisfy plausibility requirements. Reviewed and revised. Communicated with client.

- Serve Defendants; incur time and monies for same.

- Draft and serve interrogatories and requests for production of documents. Review and analysis of responses and document production.

- Retain damage calculation expert, oversee calculation of damages relying, in part, on Defendants' records, and drafting of expert's report.

- Extensive communications with opposing counsel.

- Extensive settlement negotiations and communications with opposing counsel; extensive communications with Plaintiffs regarding Defendants' offers, and recommended responses.

- Preparation of settlement agreement; communications with opposing counsel re same.

- Preparation of Joint Motion to Approve FLSA Settlement; communications with opposing counsel re. same.

- Regular communications with Plaintiffs throughout entirety of case regarding status.

Plaintiff's attorneys' hourly rates are $600.00/hour for Howard Hoffman and $375/hour for Jordan Liew, as well as $195/hour for Caleb Drickey, a law clerk, and $175/hour for former legal assistant (paralegal) Devorah Sklute. With respect to costs, Plaintiffs' counsel incurred $1,220.00 in costs. The total fees and costs incurred by Plaintiffs' counsel is thus $34,018.50. (Exh. 2; Hoffman Decl. ¶ 10).  In receiving $23,035.47 in settlement of all attorneys' fees and costs, Plaintiffs' counsel has discounted their attorneys' fees and costs by $10,983.03.  (Exh. 2; Hoffman Decl., ¶ 12).

Under these settlement terms and once costs have been accounted for, Hoffman Law will only be receiving an average hourly rate of $242.13/hour, which is well within the Appendix B rates.  *See* (Exh. 2; HBH Decl. ¶13).  These fees and costs are extremely modest, represents a sizeable discount on Plaintiffs' counsel's fees, are appropriate in light of the size and length of this matter, and agreeable to all Parties.  Therefore, the Parties respectfully request the Court approve the Fees and Costs to be paid pursuant to this settlement.

a. Continuing Jurisdiction

There remains one additional issue requiring the Court's attention, i.e., the maintenance of continuing jurisdiction over this case to supervise the settlement payments.

11

With respect to the issue of continuing jurisdiction, the Parties have agreed to request that the Court maintain continuing jurisdiction over this case to supervise the settlement payments. This provision fulfills the Court's proper supervisory role in assuring that no FLSA case is dismissed absent fair and reasonable wage payment to plaintiff workers. The Parties bring to the Court the following paragraph set forth in the Settlement Agreement:

10.    CONTINUING JURISDICTION.    The Parties agree, and the Court by its approval of this Agreement agrees, that the Court shall have continuing jurisdiction to enforce the terms of this Agreement, resolve any disputes arising out of the Agreement, and supervise all payments by the Defendants of all consideration to Plaintiffs and Plaintiffs' counsel.  Within ten (10) business days after all payments have been made to Plaintiffs and Plaintiffs' counsel by Defendants, the Parties agree to file a Notice of Stipulated Dismissal with the Court, dismissing the Plaintiffs' claims against the Defendants in the Lawsuit with prejudice.  The Parties further agree to execute and/or have executed by their respective counsel, any such additional documents as may be reasonably necessary to effectuate the dismissal with prejudice of the Plaintiffs' claims against Defendants in the Lawsuit.

By approving this Settlement Agreement, the Court is agreeing to maintain continuing jurisdiction over this case, and once final payment is made, counsel will notify the Court and jointly file a stipulation of dismissal with prejudice.

## II.    Conclusion

For the foregoing reasons, this Court should enter an Order granting the Parties' Joint Motion for Approval of Settlement Agreement and dismiss this matter with prejudice following the payments by all Parties.

Respectfully submitted,

/s/ *Jordan S. Liew*  
Howard B. Hoffman, Esq. (# 25965)  
Jordan S. Liew, Esq.  (# 20509)  
HOFFMAN EMPLOYMENT LAW, LLC  
2400 Research Boulevard, Suite 380  
Rockville, Maryland 20850  
(301) 251-3752  
(301) 251-3753 (fax)  
hhoffman@hoholaw.com  
jliew@hoholaw.com  

*Counsel for Plaintiff*

/s/ (signed with permission)  
Eric E. McLauchlin (# 26207)  
Tracey Dallahan-McLauchlin (# 25333)  
Pessin Katz Law, P.A.  
4690 Millennium Drive, Suite 200  
Belcamp, Maryland 21017  
(410) 938-8800  
emclauchlin@pklaw.com  
tdmclauchlin@pklaw.com  

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June, 2025, a copy of the foregoing Joint Motion for Approval of Settlement Agreement was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.

/s/ *Jordan S. Liew*  
Jordan S. Liew